989 F.2d 496
 Medicare & Medicaid Guide P 41,310
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael Gerard POTROCKY; Michael Gerard Rehabilitation,
Incorporated; Medical Rehabilitation Specialists,
Incorporated, Defendants-Appellants.
 No. 92-6392.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 5, 1993
Decided: March 15, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-90-123-G)
 Charles Francis Scarlata, Pittsburgh, Pennsylvania, for Appellants.
 Gill Paul Beck, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 William C. Ingram, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr ., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney/Chief, Criminal Division, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal involves the meaning of three plea agreements entered into between the United States and the defendants to dispose of criminal charges arising out of the defendants' participation in the Medicare program. In the plea agreement dated October 16, 1990, defendant Potrocky pled guilty to six counts of making false statements in violation of 42 U.S.C. § 1395nn (1988) in conjunction with his participation in the Medicare program. Michael Gerard Rehabilitation, Inc. and Medical Rehabilitation Specialists, Inc. are wholly owned corporations of Dr. Potrocky and they entered pleas of guilty to conspiring to defraud the government in connection with their participation in the Medicare program in violation of 18 U.S.C. § 371. All of these pleas were accepted on October 16, 1990, at which time an extensive Federal Rule of Criminal Procedure 11 proceeding was conducted by the court and findings were made as to the factual basis supporting the pleas, the defendants' knowledge and understanding of the charges and the consequences of their pleas of guilty, the voluntariness of the pleas and the terms of the plea agreements.
 
 
 2
 On March 6, 1992, the U. S. Department of Health and Human Services notified the defendants that pursuant to 42 U.S.C. § 1320a-7(a) (1988), the defendants would be excluded from participation in the Medicare program for a period of five years. Shortly thereafter, the defendants moved to enforce the plea agreement, which they contend constitutes a full, complete and final settlement of all claims, criminal or civil, between the defendants and the United States, and they sought in this motion to enjoin the Department of Health and Human Services and/or any other government agency from attempting to suspend them from participation in the Medicare program as set forth in the letter of March 6, 1992 from the Department of Health and Human Services. The government filed a response to this motion and the district court, without conducting a hearing, denied the motion. The present appeal is from the district court's order, which we affirm.
 
 I.
 
 3
 Appellant Potrocky is a speech therapist, and he provided speech and physical therapy services in the Greensboro, North Carolina area through his two wholly-owned corporations, Michael Gerard Rehabilitation, Inc. and Medical Rehabilitation Specialists, Inc. Services were provided to patients who were eligible for medical care under the Medicare program. Health care providers under Medicare could seek reimbursement for certain expenses covering supplies, equipment and furniture used during the course of treating eligible patients, but these regulations limited reimbursement where the provider and supplier of goods and services were under common ownership and control. The defendant submitted annual out-patient cost reports which were used to determine the rate of reimbursement. During a period covering 1986, 1987 and 1988, the defendant submitted false cost reports to Medicare, which resulted in a criminal investigation and the indictment of the defendants.
 
 
 4
 After negotiations between the United States attorney and the attorneys representing the three defendants, plea agreements were entered into and the defendant Potrocky pled guilty to six misdemeanor counts, alleging the submission of false information to a representative of Medicare. These counts were in a superseding information and the original indictment was dismissed as a part of the bargain. The corporations pled guilty to conspiracy to defraud the government in conjunction with their participation in the Medicare program, as charged in Count 1 of the original indictment.
 
 
 5
 In appellant Potrocky's plea agreement, he agreed to perform certain community service, to pay an assessment of $25 for each offense and restitution was provided in paragraph 3(b) which stated:
 
 
 6
 The defendant has been advised that the court, pursuant to Title 18, United States Code, Section 3579, may order that the defendant make restitution as to the total loss to any victim of the offenses and that this can be in addition to or in lieu of any other penalty authorized by law. Any restitution ordered by the Court shall be a full, complete, and final settlement of any and all claims of any nature, be they criminal or civil, for the years 1986, 1987, and 1988. It is further agreed that the United States and the defendant will make good faith efforts to agree to the amount of restitution owed by the defendant to Medicare. If the United States and the defendant cannot agree regarding the amount of restitution, each side shall be free to present evidence at the time of sentencing, and the Court shall then determine what, if any, restitution is appropriate.
 
 
 7
 Restitution in the amount of $51,000 was agreed upon as to defendant Potrocky. The corporate defendants were sentenced to pay $10,000 each plus special assessments of $200.
 
 
 8
 On March 6, 1992, defendants were notified that pursuant to 42 U.S.C. § 1320a-7(a) (1988), they would be excluded from participation in the Medicare program for a period of five years. This section provides as follows:
 
 
 9
 (a) The Secretary shall exclude the following individuals and entities from participation in any program under ... this chapter and shall direct that the following individuals and entities be excluded from participation in any State health care program (as defined in subsection (h) of this section):
 
 
 10
 (1) Conviction of program-related crimes.
 
 
 11
 Any individual or entity that has been convicted of a criminal offense related to the delivery of an item or service under subchapter XVIII of this chapter or under any State health care program.
 
 
 12
 42 U.S.C. § 1320a-7(a)(1) (1988).
 
 
 13
 Shortly thereafter, appellants filed their motion to enforce the plea agreements. This motion sought to enjoin the Department of Health and Human Services from taking action pursuant to 42 U.S.C. § 1320a-7 (1988). The motion relied upon the language of the plea agreements and no proffer of additional evidence was made. The district judge, who had accepted the pleas of guilty found that neither paragraph 3b nor any other provision of the plea agreements between the United States and the defendants prohibited future action by the Department of Health and Human Services concerning the exclusion of the defendants from the Medicare program.
 
 II.
 
 14
 Appellants argue that exclusion from the Medicare program is a "claim" that was covered by and settled in the plea agreements. There is no merit to this position.
 
 
 15
 Paragraph 3b of the plea agreement provides in part:"Any restitution ordered by the Court shall be a full, complete, and final settlement of any and all claims of any nature, be they criminal or civil, for the years 1986, 1987, and 1988." Participation in the Medicare program is not a claim and is not covered by this section. The exclusion of the defendants by the government for a period of time from participation in the Medicare programs is required by the clear language of 42 § 1320a-7(c) (1988).
 
 
 16
 Appellants argue that the exclusion violates the spirit of the plea agreements. However, the language of the plea agreements is so clear that it is not necessary to search for something as elusive as its spirit. The plea agreements make no mention of continued participation in the Medicare program by the defendants nor does it mention exclusion under 42 U.S.C. § 1320a-7(a)(1) (1988). Appellant contends that their lawyers and accountants did not understand that the exclusion would or could be used. However, they attached no affidavits to their motion and proffered no testimony on this point to the district court. The Rule 11 proceeding is quite clear that the defendant Potrocky understood the plea agreement, and he advised the court that no other promises, threats or suggestions of any kind had been made to him, except as set forth in the plea agreement.
 
 
 17
 Appellant contends that the district judge abused his discretion in not granting an oral hearing to consider the motion to enforce the plea agreements. We find no abuse of discretion. The trial judge had taken the pleas of guilty, had questioned the appellant Potrocky, and his attorney, extensively, and the court had all of the material necessary to decide the motion without argument of counsel.
 
 
 18
 There is no merit to the claim that exclusion from the program amounts to an additional criminal sanction or an additional criminal penalty. Congress has simply decided that it does not wish the United States to do business with persons such as the appellants, who have defrauded the United States.
 
 AFFIRMED